IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

U.S. Bank N.A., successor in interest to the FDIC, as receiver for Park National Bank,

    Plaintiff,

vs

U Services, Inc.; United States of America, pursuant to Federal Revenue Lien recorded as document number 0927426243; Illinois Department of Revenue, pursuant to Tax Lien recorded as document number 0828926096; Terrance Marshall

    Defendants.

No. 15 cv 5814

MOTION TO APPROVE REPORT OF JUDICIAL SALE AND DISTRIBUTION;
TO APPROVE POST-JUDGMENT COSTS AND FEES; TO ENTER
DEFICIENY JUDGMENT; TO AWARD POSSESSION; AND FOR OTHER RELIEF

Plaintiff, by and through its attorney, pursuant to Section 15-1508 of the Illinois Mortgage Foreclosure Law and moves this Court to confirm the February 25, 2016 Judicial Sale, to approve plaintiff's post-judgment costs and fees, to enter a personal deficiency judgment against the defendants, U Services Inc. and Terrance Marshall, direct the Selling Officer to issue its deed to the third party bidder at the Judicial Sale, award possession to such third party bidder and in support of its Motion states as follows:

    1.    On November 10, 2015 this Court entered a Judgment of Foreclosure and Sale and appointed Intercounty Judicial Sales Corporation as the Selling Officer for such sale.

    2.    The property that was sold was vacant land and as set forth in the Selling Officer's Report, a third party bidder, CRE Capital VII, LLC, was the successful bidder.

3. The Selling Officer has in every respect, proceeded in due form of law and in accordance with the terms of the Judgment of Foreclosure and Sale entered by this Court on November 10, 2015.

4. The period of reinstatement and redemption was waived.

5. The terms of the February 25, 2016 sale were conscionable and the sale was fairly and properly made and Notice of the Judicial Sale was given in accordance with Section 15-1507(c) of the Illinois Mortgage Foreclosure Law. Copies of the Publications for Sale and Notice are attached hereto as Exhibit A. (The judicial sale was initially set for January 4, 2016 and then continued from time to time with the sale ultimately occurring on February 25, 2016.

6. Attached as Exhibit B and incorporated herein pursuant to Section 15-1508(a) of the Illinois Mortgage Foreclosure Law is the Selling Officer's Report of Sale and Distribution. According to the Report of Sale a deficiency of $77,936.04 resulted from the judicial sale.

7. In addition to the costs reflected on the Report of Sale, the Plaintiff has incurred reasonable post mortgage judgment foreclosure attorney fees of $6,335.00. The Certificate of Attorney as to such fees has been submitted by counsel for the plaintiff.

8. The deficiency owed to the plaintiff by the defendants, including the additional attorney fees, is $84,271.04.

9. The loan that is the subject of this lawsuit was made for business and investment purposes. Attached hereto and made a part hereof as Exhibit C is a Broker's Price Opinion that reflects an opinion of value of the property sold at sale to be $25,000.00.

10. Pursuant to the holdings in *Illini Federal Svgs and Loan Asc. v. Doering, et.al.*, 162 Ill.App.3d 768, 516 N.E.2d 609 5th Dist. 1987) and the *RTC v. Holtzman*, 248 Ill.App.3d 105, 618 N.E.2d (1st Dist., 1993) absent fraud or irregularity in the foreclosure proceedings, the price at which the property is sold is deemed to be the conclusive measure of its value for purposed of setting a deficiency judgment.

11. The amount bid at sale reflected the value of the property.

12. The property is a not the personal residence of any of the defendants and is vacant.

13. That possession should be immediately awarded to the third part bidder or its assignee.

14. That the Promissory Note made by the defendant, U-Services Inc. and the Commercial Guaranty made by the defendant, Terrance Marshall, each provide that these defendants are liable to the plaintiff for reasonable attorneys' fees and costs incurred in enforcement of those loan documents. (Plaintiff's First Amendment To Complaint, Exhibit A and N, respectively).

15. There exists certain rights of redemption in favor of the defendant, United States of America, as to its lien interest in the property pursuant to 28 U.S.C. Section 2410 and the third party purchaser takes subject to those rights.

WHEREFORE, Plaintiff prays for

a. an order confirming the sale;

b. approval of its post judgment costs and fees;

c. awarding of possession of the real estate to the third party bidder, CRE Capital VII LLC;

     d.     awarding a deficiency judgment in favor of the plaintiff and against the defendants, U Services Inc. and Terrance Marshall, jointly and severally in the amount of $84,271.04.

     e.     an order directing the Selling Officer to disburse to the plaintiff the proceeds of sale;

     f.     an order directing the Selling Officer to issue his deed to the third party bidder, CRE Capital VII LLC or its assignee, which deed is subject to the rights of redemption of the United States of America pursuant to 28 U.S.C. Section 2410.

     g.     any further relief wherein this Court deems necessary.

     Plaintiff, U.S. Bank N.A.

     By:*/s/Robert L. Pattullo Jr.*
     ONE OF ITS ATTORNEYS

Robert L. Pattullo Jr. Esq.
Law Offices of Robert L. Pattullo, Jr., P.C.
70 WEST MADISON SUITE 3970
CHICAGO IL 60602
(312) 281-3860
(312) 254-3247 [FAX]
Attorney ID: 6183761